

MICHAEL A. CARDOZO
*Corporation Counsel*

### THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JESSICA T. COHEN
*Assistant Corporation Counsel*
jcohen@law.nyc.gov
(212) 788-1895
(212) 788-9776 (fax)

August 29, 2007

**BY HAND DELIVERY**
The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> L         JNY
> DC ~~ ~ ENT
> EL.    KONICALLY FILED
> DOC
> DAT      FD: 9/11/07

Re: Andres Luna v. City of New York, et al.,
07 CV 7096 (RJS)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above referenced matter. I write to respectfully request an enlargement of time until October 29, 2007 to answer or otherwise respond to plaintiff's complaint on behalf of defendant City of New York. This office attempted to contact plaintiff's counsel, Rudy Velez, Esq., for his consent, but has been unable to reach him.

In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff alleges that he was falsely arrested and maliciously prosecuted when, on or about July 20, 2006, members of the New York City Police Department arrested him. Specifically, plaintiff alleges that he was visiting a friend at 614 West 177th Street, in Manhattan, when he was placed under arrest for acting "in concert with others in order to commit the offenses of criminal possession of a controlled substance in the third degree...and other criminal charges." Plaintiff claims he was acquitted of all charges on May 17, 2007. Accordingly, it is necessary for defendant to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L. §160.50 release so that we can access the sealed records from plaintiff's underlying arrest. To the extent plaintiff is also claiming any medical injuries, this office is also forwarding to plaintiff for execution a HIPAA compliant medical release so that we can access his medical records. Without these executed releases defendants will be unable to obtain the records necessary in order to properly assess the case and respond to the complaint.

Further, this extension will enable plaintiff to complete service of process on any remaining defendants. Assuming plaintiff does effect timely service, and the defendants request representation from this office, the extension should allow time for this office to determine, pursuant to Section 50-K of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. City of New York, et al., 758 F.2d 862, 864-865 (2d Cir. 1985)(quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985))(decision whether to represent individual defendant is made by the Corporation Counsel as set forth in state law).

Accordingly, defendant City of New York respectfully request that its time to respond to the complaint be extended to October 29, 2007. Thank you for your consideration of this request.

Respectfully submitted,

Jessica T. Cohen (JC 0044)
Assistant Corporation Counsel

cc:   Rudy Velez
      Attorney for Plaintiff
      930 Grand Concourse, Suite 1A
      Bronx, New York 10451 (by regular mail)

Application GRANTED
SO Ordered    9/11/07

USDJ

- 2 -