UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANDRES LUNA,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK (CITY), NEW YORK CITY
POLICE DEPARTMENT (NYPD), Individually and in
their official capacity as NEW YORK CITY POLICE
OFFICERS-POLICE OFFICER SAM CARRASQUILLO,
SH#00000 of the Narcotic Boro Manhattan North,
DETECTIVE GREGORY CARTY, SH# 2497, and John
Doe Police Officers,

                                            Defendants.

------------------------------------------------------------------- x

**ANSWER**

07 CV 7096 (RJS)

JURY TRIAL DEMANDED

        Defendants City of New York and New York City Police Department, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows[1]:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, Police Officer Sam Carrasquillo and Detective Gregory Carty have not yet been served with process in this action.

5. Defendants state that the allegations contained in paragraph "5" of the complaint are not assertions of fact, and, accordingly, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and that it maintains a police department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and that it maintains a police department.

9. Paragraph "9" of the complaint contains conclusions of law, rather than averments of fact, and accordingly, requires no response.

10. Paragraph "10" of the complaint contains conclusions of law, rather than averments of fact, and accordingly, requires no response.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except deny that there was no reason to search or arrest plaintiff.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, including all subparts thereto.

16. In response to paragraph "16" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "15" as though fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Defendants state that the allegations contained in paragraph "22" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

23. Defendants state that the allegations contained in paragraph "23" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

24. Deny the allegations set forth in paragraph "24" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

25. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

26. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

27. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

28. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendants City of New York or the New York City Police Department.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

29. The New York City Police Department is not a suable entity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

30. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

31. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

32. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

33. Plaintiff's claims may be barred in part by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

34. Plaintiff may have failed to comply with the conditions precedent to suit.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

35. Plaintiff has failed to comply with New York General Municipal Law §§ 50-(e) and (i).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

36. Plaintiff's claims may be barred in part by the applicable doctrines of *res judicata* and/or *collateral estoppel*.

**WHEREFORE**, defendants City of New York and the New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           October 29, 2007

                                 MICHAEL A. CARDOZO
                                 Corporation Counsel of the
                                   City of New York
                                 Attorney for Defendants City of New York and the
                                 New York City Police Department
                                 100 Church Street, Room 3-208
                                 New York, New York 10007
                                 (212) 788-1895

                     By:        /s/ Jessica T. Cohen
                                 Jessica T. Cohen (JC 0044)
                                 Assistant Corporation Counsel

To:    Rudy Velez, Esq. (by ECF)
        Attorney for Plaintiff
        930 Grand Concourse, Suite 1A
        Bronx, New York 10451

Docket No. 07 CV 7096 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES LUNA,

                              Plaintiff,

-against-

THE CITY OF NEW YORK (CITY), NEW YORK CITY POLICE DEPARTMENT (NYPD), Individually and in their official capacity as NEW YORK CITY POLICE OFFICERS-POLICE OFFICER SAM CARRASQUILLO, SH#00000 of the Narcotic Boro Manhattan North, DETECTIVE GREGORY CARTY, SH# 2497, and John Doe Police Officers,

                              Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and the*
*New York City Police Department*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jessica T. Cohen*
*Tel: (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................,2007*

*............................................................... Esq.*

*Attorney for ...........................................................*